

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN EDWARD PETERS,
      Plaintiff,

v.                                     CIVIL ACTION NO. JFM-15-3874

WENDY JARRELL, et al.,
      Defendants.

******

## MEMORANDUM

On December 18, 2015, the court received plaintiff's complaint. Plaintiff, a Baltimore County Detention Center pretrial detainee, used forms used for filing civil rights complaints pursuant to 42 U.S.C. § 1983. ECF 1. Plaintiff has filed a motion for leave to proceed in forma pauperis (ECF 2), which shall be granted. However, upon review of the instant action, the court concludes that it shall be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 953 (4th Cir. 1995).

Plaintiff alleges that Wendy Jarrell, a former neighbor of his filed false criminal charges against him. ECF 1. He names the "Baltimore County Police" and "1st Shift Supervisor" as additional defendants in the caption of the complaint but provides no specific allegations against either of these defendants.[1] *Id.*

At its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014). Section 1983 of 42 U.S.C. provides, in part:

---

[1] A review of the Maryland Judiciary Case Search reveals that plaintiff is awaiting trial in the Circuit Court for Baltimore County on charges of failure to comply with a peace order, peeping tom, stalking, and harassment. His trial is currently scheduled for January 20, 2016. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=03K15006309&loc=55&detailLoc=K

1



> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Wendy Jarrell, a private citizen, was not acting under color of law when she filed charges against him. As such, the Complaint must be dismissed.

A separate Order follows.

_____  
Date

_____  
J. Frederick Motz  
United States District Judge

FILED  
U.S. DISTRICT COURT  
DISTRICT OF MARYLAND  

2015 DEC 23 PM 2:27  

CLERK'S OFFICE  
AT BALTIMORE  

BY_____DEPUTY

2